# Exhibit A



CORPORATION SERVICE COMPANY®

# Notice of Service of Process

**KG3 / ALL**
**Transmittal Number: 12925429**
**Date Processed: 09/08/2014**

Primary Contact:        Andrea Dickson-Rekasi
Asset Acceptance, LLC
28405 Van Dyke
Warren, MI 48093

Copy of transmittal only provided to:    Carol Steury

| | |
|---|---|
| **Entity:** | Midland Funding LLC<br>Entity ID Number  2618148 |
| **Entity Served:** | Midland Funding LLC |
| **Title of Action:** | Ronald E. Mason vs. Midland Funding LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Wyandotte County District Court, Kansas |
| **Case/Reference No:** | 2014-LM-004236 |
| **Jurisdiction Served:** | Kansas |
| **Date Served on CSC:** | 09/08/2014 |
| **Answer or Appearance Due:** | 14 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | A.J. Stecklein<br>913-371-0727 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

Ronald Mason
vs.
Midland funding

**ELECTRONICALLY FILED**
2014 Sep 05 AM 9:30
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER:  2014-LM-004236

**SUMMONS**

To the above-named Defendant/Respondent:

> **Midland funding**
> **8875 Aero Drive, Suite 200**
> **San Diego, CA  92123**

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 10/27/2014, to be held at the following location:

Wyandotte County District Court

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you.  The answer shall state the following:

(1) what the dispute is;
(2) any affirmative defenses you have to the claim; and
(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.



Clerk of the District Court

**Documents to be served with the Summons:**

ELECTRONICALLY FILED
2014 Sep 05 AM 9:30
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2014-LM-004236

**In the District Court of Wyandotte County, Kansas**
**Limited Actions Division**

| | |
|---|---|
| Ronald E. Mason | |
| Plaintiff, | Case No.: _____ |
| vs. | Division: ____ |
| Midland Funding LLC, | |
| Defendant. | |

## PETITION

### COUNT I
**(Assessing**
**interest for which Defendant is not entitled by contract or law - Violation of the Fair**
**Debt Collections Practices Act – 15 U.S.C. §1692 et seq.)**

Comes now Plaintiff Ronald E. Mason and for Plaintiff's petition against

Defendant Midland Funding LLC hereby alleges as follows:

1.      Plaintiff is a natural person residing in Kansas.

2.      Defendant regularly conducts business in the state of Kansas.

3.      Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(2) and is

alleged to have owed a "debt" of a personal, family, or household nature, as defined by

15 U.S.C. §1692a(5).

4.      Defendant is regularly engaged in the third-party collection of consumer

debt and are "debt collectors" as defined by the Fair Debt Collection Practices Act

(hereafter FDCPA), at U.S.C. §1692a(6).

5.      Defendant is engaged in the business of purchasing and collecting

"charged-off" consumer accounts alleged to have been originally owed to others

(hereinafter "originating creditor").

6.     Through its collection agent Midland Credit Management Inc., Defendant has made a demand upon Plaintiff, alleging that it has purchased a consumer account from the originating creditor and, pursuant to that purchase, and now alleges that it stands in the shoes of the originating creditor and is entitled to enforce the account. See Exhibit A.

7.     Defendant indicated that a benefit of paying would be that interest would stop accruing on the alleged debt after it was charged off by the original creditor, Credit One Bank, NA.

8.     The Truth in Lending Act (TILA) regulates the type of account at issue in this case.

9.     TILA requires a creditor to send periodic statements to the debtor each billing cycle if there is an outstanding balance on an account where finance charge is imposed. 15 U.S.C. § 1637(b).

10.     That required periodic statement must contain certain required information which describes what and how the creditor is assessing interest and finance charges. 15 U.S.C. § 1637(b).

11.     Consistent with 15 U.S.C. § 1637(b), Regulation Z also requires creditors to "mail or deliver a periodic statement as required by [12 C.F.R.] § 226.7 for each billing cycle at the end of which an account has a debit or credit balance of more than $1 or on which a finance charge has been imposed." Id. at § 226.5(b) (2)(i).

12.     However, Regulation Z provides exceptions to this requirement that periodic statements be sent and enables creditors to *not* send those required periodic

statements if the creditor does certain things.

13.     One of those exceptions is if the creditor has charged-off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account. *Id.* at § 226.5(b) (2)(i).

14.     Therefore, under applicable regulations, Credit One Bank, NA was required to send periodic statements to Plaintiff until it "charged-off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account" 12 C.F.R. § 226.5(b)(2)(I).

15.     Previous to the alleged purchase of the account by the Defendant from Credit One Bank, NA, Credit One Bank, NA charged-off an account alleged to have been incurred by Plaintiff.

16.     Because Credit One Bank, NA had charged-off the account, it was not required to send periodic statements to Plaintiff as would otherwise be required by law.

17.     Therefore after charging-off the account, Credit One Bank, NA did not send any billing statements regarding the account to the debtor.

18.     Credit One Bank, NA took advantage of the charge off exception to enable it not to be required by send periodic billing statements.

19.     The legal tradeoff for entitling Credit One Bank, NA to take advantage of the charge off exception is that it was precluded by law from charging any additional fees or interest on the account.

20.     Therefore, after the account was written off, Credit One Bank, NA was precluded by law from charging additional fees or interest on the account because it had not sent out the periodic statements.

3

21.     Furthermore, Credit One Bank, NA had therefore waived its right to charge interest on the charged off account.   *Simkus v. Cavalry Portfolio Services, LLC,* 2012 WL 1866542 2012; *McDonald v. Asset Acceptance LLC*, Case No. 2:11-cv-13080, ED Michigan 2013.

22.     Defendant professes to be in the same shoes as Credit One Bank, NA.

23.     Defendant would not acquire any greater rights than Credit One Bank, NA had at the time of the alleged purchase.

24.     At the time of the alleged purchase, Credit One Bank, NA did not have the legal right to charge interest.

25.     There is no legal basis for Defendant to charge interest on the charged-off account for which Credit One Bank, NA failed to maintain periodic statements.

26.     By assessing interest as due for which there was no legal basis, Plaintiff violated 15 U.SC. 1692f which prohibits a debt collector from the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

27.     The Plaintiff was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

28.     The standard in determining whether the Plaintiff violated the FDCPA is the least sophisticated consumer standard.  Claims should be viewed from the

perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

29.     The above-described acts are misleading to the least sophisticated consumer.

30.     Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

31.     As a result of the above violations of the stated Act, the Defendant is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

## COUNT II
## VIOLATION OF KANSAS CONSUMER PROTECTION ACT

COMES NOW Defendant, and as for Count II against Defendant, states and alleges as follows:

32.     Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

33.     Plaintiff is a consumer as defined by K.S.A. §50-624(b) of the Kansas Consumer Protection Act (KCPA).

34.     Defendant is a supplier of consumer products as defined by K.S.A. §50-624 and is subject to the requirements and provisions of the Kansas Consumer Protection Act.

35.     The transaction at issue is a consumer transaction as defined by K.S.A. §50-624(c).

36.     K.S.A §50-626 provides that "(a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction."

37.     The above-described actions of Defendant violated section K.S.A. § 50-626(b)(1) by falsely making *representations made knowingly or with reason to know that: (A) property or services have sponsorship, approval, accessories, characteristics, ingredients, uses, benefits or quantities that they do not have; and that (B) the supplier has a sponsorship, approval, status, affiliation or connection that the supplier does not have.*

38.     Furthermore, K.S.A §50-627 provides that "(a) No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An unconscionable act or practice violates this act whether it occurs before, during or after the transaction."

39.    In determining whether an act or practice is unconscionable, K.S.A §50-626 provides that the Court shall consider circumstances of which the supplier knew or had reason to know, such as, but not limited to the following that:

*(1) The supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor; and*

*(6) the supplier made a misleading statement of opinion on which the consumer was likely to rely to the consumer's detriment.*

40.    Defendant's acts and omissions as described herein are deceptive pursuant to K.S.A. §50-626 and unconscionable pursuant to K.S.A. §50-627.

41.    By virtue of the actions of Defendant, Plaintiff was aggrieved by virtue of the imposition of some burden or obligation that federal law was designed to alleviate.

42.    Defendant's acts and omissions were willful and were part of a pattern of deceptive and unconscionable acts and practices.

43.    Each act or omission described above constitutes a separate violation of the Kansas Consumer Protection Act, K.S.A. §50-623, et seq.

44.    Because of Defendant's deceptive acts, is an aggrieved consumer, has been harmed, has incurred actual damages, and has incurred attorney fees.

WHEREFORE, Plaintiff respectfully prays for judgment on Count II against Defendant and requests the Court:

a.    Award actual damages and restitution to Plaintiff;

b.    If actual damages are less than $10,000.00, award statutory damages in an amount determined by the Court up to $10,000.00 per violation pursuant to K.S.A. §50-634(b) and K.S.A. §50-636 for each and every violation of the Kansas Consumer Protection Act;

7

c.      Award costs and reasonable attorneys' fees, pursuant to K.S.A. §50-634;

and

d.      Such other and further relief as the Court deems just and equitable.

Respectfully Submitted,
ATTORNEYS FOR PLAINTIFF

/s/ A.J. Stecklein

A.J. STECKLEIN #16330
MICHAEL RAPP # 25702
Consumer Legal Clinic, LLC
748 Ann Ave
Kansas City, KS 66101
Telephone:  (913) 371-0727
Facsimile:  (913) 371-0147
Email:  aj@kcconsumerlawyer.com
       mr@kcconsumerlayer.com

8



Midland Credit Management, Inc.
8875 Aero Drive
Suite 200
San Diego, CA 92123



| MCM Account Number | |
|---|---|
| | 8547492756 |
| **Original Creditor** | |
| | CREDIT ONE BANK, N.A. |
| **Original Account Number** | |
| | 4447962162290674 |
| **CURRENT BALANCE** | |
| | $1,419.97 |

07-03-2014



Ronald Mason
3701 N 67th St
Kansas City, KS 66104-1021

You are pre-approved for a 40% discount!
Call now: (800) 282-2644


Choose The Option That Works For You

RE: Credit One Bank, N.A.

Dear Ronald,

Congratulations! You have been pre-approved for a discount program designed to
save you money. Act now to maximize your savings and put this debt behind you
by calling (800) 282-2644. Pay online today at www.midlandcreditonline.com.

| Option 1: 40% OFF | You Pay Only |
|---|---|
| | **$851.98** |

| Option 2: 20% OFF | 6 Monthly Payments of Only |
|---|---|
| | **$189.32** |

| Option 3: Monthly Payments As Low As | $50 per month† |
|---|---|

If these options don't work for you, call one of our Account Managers to help you
set up a payment plan that does.

**Benefits of Paying!**

We will stop applying interest to your account.

Save 40% or $567.99 if paid by the Expiration Date of 08-02-2014.

After receiving your final payment, we will consider the account paid.

**CALL US TODAY!**
(800) 282-2644

Sincerely,

H. Torres, Division Manager

This account may still be reported on your credit report as unpaid.

†If you pay your full balance, we will report your account as Paid in Full. If you pay less than your full balance,
we will report your account as Paid in Full for less than the full balance.

We are not obligated to renew this offer. We will report forgiveness of debt as required by IRS regulations.

Hours of Operation:
M – Thr 6:00am – 9:00pm PST
Fri    5:00am – 5:00pm PST
Sat   5:00am – 6:00pm PST
Sun  6:00am – 9:00pm PST

**Call:** (800) 282-2644      **Click:** www.midlandcreditonline.com      **Mail:** Payment coupon below

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**
Please tear off and return lower portion with payment in envelope provided

**PAYMENT COUPON**

MCM Account No.:       8547492756
Original Account No.:   4447962162290674
Current Balance:        $1,419.97

Payment Due Date: 08-02-2014

Amount Enclosed: _____

Payment Options:
1) Mail in this coupon with your payment
2) Pay by phone (800) 282-2644

Make Check Payable to:
Midland Credit Management, Inc.

 PO Box 60578
Los Angeles, CA 90060-0578

B271·DOE7

12 8547492756 4 0085198 080214 8


PLAINTIFF'S
EXHIBIT
A

$7.40 0
US POSTAGE
FIRST-CLASS
062S00672765S
66101

CERTIFIED MAIL™

7013 2250 0002 3175 4154

Consume
748 Ann Avenue
Kansas City, Kansas 66101

Midland Funding LLC
Registered Agent:
Corporation Service Company
2900 SW Wanamaker Drive, Suite 204,
Topeka, Kansas 66614